United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY McCORMACK and SAMANTHA STABENCHECK,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAFEWAY STORES, INC.,<br><br>    Defendant. | No. C 12-4377 MEJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**Re: Docket No. 6** |

## INTRODUCTION

Plaintiffs Mary McCormack and Samantha Stabencheck ("Plaintiffs") bring this case under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2, for alleged retaliation related to their employment at a Safeway Store in Scottsdale, Arizona. The matter comes before the Court on Defendant Safeway Stores, Inc.'s ("Defendant") Motion to Dismiss or, in the Alternative, to Transfer Venue. Dkt. No. 6. Pursuant to Civil Local Rule 7-1(b), the Court finds a hearing unnecessary and VACATES the December 13, 2012 hearing. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby DENIES Defendant's Motion to Dismiss and GRANTS Defendant's Motion to Transfer for the reasons set forth below.

## BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint, filed August 20, 2012. Dkt. No. 1. Plaintiffs worked as cashiers for the Safeway store located at Chaparral and Hayden Roads in Scottsdale, Arizona. Compl. at 2. On or about April 13, 2011, Plaintiffs resigned from their employment, after being told that each was subject to discipline for letting customers use the store's discount card rather than requiring customers to use their own discount cards. *Id.* at 3.

This threat of discipline came within two weeks of Mary McCormack reporting the alleged sexual assault of Plaintiff Samantha Stabenchek, her daughter, by a Safeway manager. *Id.* Stabencheck was 17 years old at the time of the assault. *Id.*

Plaintiffs allege that Defendant violated Title VII[1] when it allegedly retaliated against McCormack because she initiated an EEO complaint regarding the sexual assault, and because she participated in the company's EEO investigation. *Id.* at 4. Plaintiffs further allege that Defendant retaliated against them generally for their participation in a protected EEO activity. *Id.* Plaintiffs seek compensatory, pecuniary, and punitive damages. *Id.* at 5.

On November 6, 2012, Defendant filed the present Motion to Dismiss or, in the Alternative, to Transfer Venue. Dkt. No. 6. In its Motion, Defendant argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) because Safeway is found in the District of Arizona, and Plaintiffs were therefore required to file this Title VII action there. Mot. at 1. Defendant contends that this case involves events that took place only in the State of Arizona, including both Plaintiffs' resignations of employment at Safeway, and that all witnesses, including co-workers, supervisors, and human resources personnel, were at all times located in Arizona – not California. *Id.* Defendant argues that had Plaintiffs not voluntarily resigned from their respective positions, they would have continued to be employed by Safeway in Arizona, at least for a time. *Id.* Finally, Defendant argues that all of Plaintiffs' employment records and other relevant documents are maintained and stored by Safeway in Arizona. *Id.* at 2.

In the alternative, Defendant moves to transfer the action to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §1404(a), for the convenience of parties and witnesses and in the interest of justice. *Id.* Defendant argues that the overwhelming majority of

---

[1] Title VII makes it unlawful for "an employer . . . to discriminate against any [employee] with respect to . . . sex." 42 U.S.C. § 2000e-2(a)(1). Title VII further makes it an unlawful practice for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

witnesses with relevant knowledge are found in Arizona, and the overwhelming majority of the documentary evidence relevant to this action is located in Arizona. *Id.*

On November 20, 2012, Plaintiffs filed their Opposition to Defendant's Motion. Dkt. No. 19. In their Opposition, Plaintiffs state that they reside in San Pablo, California, and Defendant's corporate headquarters are located in Pleasanton, California. Opp'n at 3. As both cities are in the Northern District of California, Plaintiffs maintain that their case is proper in this district. Plaintiffs also argue that the records regarding their claims are likely stored at the headquarters in Pleasanton, including electronic records regarding employees' use of the discount cards and any prior harassment complaints about the Safeway manager accused of harassment. *Id.*

## DISCUSSION

### A.   Dismissal Pursuant to Rule 12(b)(3)

Venue in federal question cases is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1), (2). A corporation is deemed to reside in any judicial district where it would be subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Plaintiffs' Complaint states that venue is proper in this District because Defendant is a corporation located in Pleasanton, California. Compl. ¶¶ 3, 5. Accepting this as true, venue would therefore appear to be proper in California. 28 U.S.C. §§ 1391(b)(1), (c). But under § 1391(b)(2), that would not be the case, as none of the events giving rise to Plaintiffs' claims occurred in California. 28 U.S.C. § 1391(b)(2).

Even though venue could be proper under § 1391(b)(1), Plaintiffs' Title VII claims are governed by specialized venue rules. Causes of action arising under Title VII are subject to 42 U.S.C.2000e–5(f)(3), which provides stricter venue requirements than § 1391. Title VII authorizes lawsuits to be filed "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," as well as: in the district where employment records are kept; in the district where the plaintiff would have worked but for the alleged unlawful practice; and if those

provisions fail to provide a forum, in the district where the defendant keeps its principal office. 42 U.S.C. § 2000e–5(f)(3); *Johnson v. Payless Drug Stores Nw.*, 950 F.2d 586, 587 (9th Cir. 1991).

Here, the Court finds venue improper in this district for Plaintiffs' Title VII claims because Plaintiffs have not established that the events giving rise to their action have a significant connection to California. By Plaintiffs' own admission, they both worked as cashiers for Defendant at its store at Chaparral and Hayden Roads in Scottsdale, Arizona. Compl. ¶¶ 8-9. Plaintiffs do not allege they ever worked for Safeway in California, nor do they assert that any unlawful employment practice was directed towards them in, or from, California. Further, although Plaintiffs argue that relevant records are likely to be maintained at Defendant's headquarters in this District, Defendant states that it does not "maintain" or "administer" employment records relevant to its Arizona employees in California. Mot. at 7. Rather, such records are maintained and administered through its Phoenix District office, located in Tempe, Arizona. Davis Decl. ¶ 5, Dkt. Not. 6-1. Similarly, Defendant maintains that records related to the alleged sexual harassment of Ms. Stabenchek as well as records related to the Safeway investigation into improper use of the Safeway Club Cards by Plaintiffs are all maintained in Arizona. *Id.* ¶¶ 11, 17.

Further, even though Plaintiffs argue that venue is proper because they now reside in this District, venue is not proper in a district simply because the plaintiffs reside there. *See Davidson v. Korman*, 2010 WL 3515760, at \*3 (N.D. Cal. Sep. 8, 2010); *Trujillo v. Total Bus. Systems, Inc.*, 704 F.Supp 1031, 1032-33 (D. Colo. 1989) (transferring venue from Colorado to New Mexico, despite the fact that the plaintiff lived in Colorado, because the alleged unlawful discrimination occurred in New Mexico and the relevant employment records were maintained in New Mexico); *Lance v. Wilson*, 811 F.Supp.2d 106, 111 (D.D.C. 2011) ("Neither plaintiff's current residence in the District of Columbia . . . nor defendant's alleged involvement in interstate commerce . . . establishes venue in this district under 42 U.S.C. § 200e-5(f)(3).").

Finally, Plaintiffs do not allege they ever worked for Defendant in California. And, there is no indication that Plaintiffs would not have continued working for Defendant in Arizona but for their resignations allegedly prompted by Defendant's retaliation in violation of Title VII.

Based on this analysis, the Court finds that Plaintiffs have failed to demonstrate proper venue in this District for their Title VII claims.

**B.     Transfer**

Upon conclusion that venue is improper, the Court has discretion to dismiss the case or transfer the case in the interests of justice to an appropriate jurisdiction.  28 U.S.C. 1406(a).  The decision between dismissal or transfer to a proper venue is a matter within the sound discretion of the district court.  *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  In order for a district court to transfer an action under § 1404, the court must therefore make two findings: first, that the transferee court is one where the action "might have been brought," and second, that the convenience of the parties and witnesses and the interest of justice favor transfer.  *Gelber v. Leonard Wood Mem'l for Eradication of Leprosy*, 2007 WL 1795746, at *2 (N.D. Cal. June 21, 2007) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)).

First, as discussed above, this case may have been brought in the District of Arizona.  28 U.S.C. § 1404(a).  Venue is proper in the proposed district under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to Plaintiffs' claims occurred there.

Second, the Court finds that Arizona is a more convenient forum.  Because the operative facts relevant to this case took place in Arizona, transferring this case to the District of Arizona facilitates litigation because most of the key documentation and relevant witnesses are located there.  "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)."  *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005); *E.E.O.C. v. United Airlines, Inc.*, 2009 WL 7323651, at *4 (N.D. Cal. Dec. 03, 2009).  "Importantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'"  *Saleh*, 361 F.Supp.2d at 1160.  "In determining whether this factor weighs in favor of transfer, the court must consider not simply

how many witnesses each side has and location of each, but, rather, the court must consider the importance of the witnesses." *Id.* at 1160-61. Even though Plaintiffs now reside in this District, Defendant's employees that are relevant to Plaintiffs' action are located in Arizona – Defendant has identified at least 15 witnesses that reside in Arizona that it contends have information relevant, necessary, and important to this action. Mot. at 12-13. These witnesses include the former Safeway manager who allegedly assaulted Ms. Stabenchek. *Id.* at 13.

Further, although Plaintiffs' choice of forum "should be given weight when deciding whether to grant a motion to change venue," a fundamental principle underpinning the § 1404(a) analysis is that litigation should proceed "in that place where the case finds its "center of gravity." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998) (Although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive"). Deference to the plaintiff's choice of forum should be minimized where, as here, the forum selected by plaintiffs is not the situs of material events. *Von Holdt v. Husky Injecting Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) (When a plaintiff's choice of forum has "relatively weak connections with the operative facts giving rise to the claim," it is afforded less importance and becomes only one of many factors to be considered by the court).

Thus, after weighing each of these factors, the Court finds that transfer to the District of Arizona is appropriate.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss under Rule 12(b)(3), but GRANTS Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a). This case is hereby transferred to the United States District Court for the District of Arizona. Defendant's request for costs is DENIED.

**IT IS SO ORDERED.**

Dated: November 28, 2012

MARIA-ELENA JAMES
United States Magistrate Judge