**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary McCormack, et al., | No. CV-12-02547-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Safeway Stores Incorporated, | |
| Defendant. | |

Plaintiffs Mary McCormack and Samantha Stabenchek commenced this action on August 20, 2012. (Doc. 1). Plaintiffs filed an amended complaint on May 8, 2013. (Doc. 41). The amended complaint alleges that Defendant created a hostile work environment and retaliated against Plaintiffs after they reported sexual harassment by another Safeway employee. (*Id.* at 4-6). On August 26, 2013, Defendant filed a motion for security for costs (Doc. 53) under Ariz. LRCiv. 54.1(c). The motion is fully briefed. For the reasons set forth below, the Court will deny Defendant's motion.

**I.   Legal Standard.**

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is

involved." *Id.* (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2nd* § 2671).

Local Rule of Civil Procedure 54.1(c) states: "In every action in which the plaintiff was not a resident of the District of Arizona at the time suit was brought, or, having been so, afterwards removed from this District, an order for security for costs may be entered upon application therefor within a reasonable time upon notice." LRCiv. 54.1(c) uses the word "may," granting the district court discretion to determine whether the circumstances warrant security for costs. *See Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir. 1983).

## II. Discussion.

Defendant requests security for taxable costs that it has incurred as well as taxable costs that it expects to incur through the completion of litigation. Doc. 53 at 1-2. Specifically, Defendant estimates it will incur $3,000 in taxable costs and requests that Plaintiffs post security for this amount. *Id.* Plaintiffs claim that because they have a strong likelihood of success on their claims, and because Safeway is "a Fortune 500 company with billions of dollars in income," the motion to secure $3,000 in costs is unreasonable. Doc. 57 at 1-2. The Court must consider the reasonableness of the security from the perspective of both the plaintiff and defendant in determining whether to grant a motion for security for costs. *Simulnet*, 37 F.3d at 576.

In *Simulnet,* on the eve of trial, the district court imposed a $500,000 cost bond as a condition for proceeding to trial. *Id.* at 573. When the plaintiff was unable to post the bond, the district court dismissed the case. *Id.* In holding that the district court abused its discretion, the Ninth Circuit reasoned that courts must take care when requiring a security bond so as not to deprive a plaintiff's access to the federal courts. *Id.* at 575-76. Although *Simulnet* did not adopt a specific test in holding that the district court had misapplied Nevada state law, the court cited the balancing test set forth by the First Circuit in *Aggerwal v. Ponce School of Medicine*, 745 F.2d 723, 727-28 (1st Cir. 1984), as guidance for district courts to determine the reasonableness of requiring security for

costs.

In *Aggerwal*, the court weighed (1) the degree of probability or improbability of success on the merits, and the background and purpose of the suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. *Id.* The Court concludes that the balance weighs in favor of denying Defendant's motion. First, while the Court is not prepared to make a prediction on Plaintiffs' probability of success on their claims, the facts show that both Plaintiffs worked at the same Safeway store (Doc. 41 at 2); McCormack filed a sexual harassment complaint, on behalf of Stabenchek, against a co-worker (*id.*); the complaint led to the alleged harasser's termination (*id.* at 3); and both Plaintiffs eventually resigned from their jobs at Safeway on April 13, 2011 (*id.*). The background and purpose of the suit suggest at least the potential for success on the claims outlined by Plaintiffs in their amended complaint. Second, the reasonable extent of the security requested from the perspective of both parties weighs heavily in favor of Plaintiffs. Defendant offers no explanation for requesting the security other than citing the local rule. Conversely, Plaintiffs identify significant financial burdens that counsel against requiring the bond: Stabenchek is a college student, McCormack cares for her infirm mother, and both are incurring additional expense litigating in Arizona despite their domicile in California (Doc. 57 at 8). The Court must guard against the potential of toll-booths, in the form of security for costs, blocking a plaintiff's access to the courts. *See Simulnet*, 37 F.3d at 576.

Defendant argues that regardless of the financial disparity between the parties, Plaintiffs are "bound to follow the same rules and procedures as any other party." Doc. 58 at 2. Defendant also argues that its financial position is irrelevant to its right to recover its taxable costs as a prevailing party. Doc. 58 at 3. But the Court must determine whether it is reasonable, not simply lawful, to require Plaintiffs to post security for costs while litigating against a corporation of Defendant's stature. Defendant's

financial position certainly is relevant to this determination, especially considering the insignificant amount of security Defendant seeks in comparison to its financial strength. The Court finds it unreasonable to require Plaintiffs to post security for costs.

**IT IS ORDERED** that Defendants' motion for security for costs (Doc. 53) is **denied**.

Dated this 4th day of November, 2013.

David G. Campbell
United States District Judge